This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Mark Sedaker appeals from the decision of the Summit County Court of Common Pleas designating him a sexual predator under R.C. Chapter 2950. We affirm.
In April and May of 1997, Sedaker was indicted by the Summit County Grand Jury on seven counts of rape, in violation of R.C.2907.02(A). The charges stemmed from Sedaker raping his mentally-retarded sister. As a result of one of those occasions, Sedaker impregnated his sister. Sedaker initially pleaded not guilty to the charges. On October 15, 1997, Sedaker pleaded guilty to one count of rape, in exchange for which the remaining six counts were dismissed. On November 10, 1997, a hearing was held for the purposes of sentencing and sexual predator adjudication. The trial court sentenced Sedaker to nine years imprisonment and found him to be a sexual predator. Sedaker now appeals to this court.
Sedaker asserts three assignments of error. We will address each in turn.
 I.
In his first assignment of error, Sedaker argues that the sexual predator statute, R.C. Chapter 2950, is unconstitutional as violative of the constitutional proscriptions against retroactive or ex post facto laws. The Ohio Supreme Court has held that R.C. 2950.90(B)(1) does not violate the Retroactivity Clause of the Ohio Constitution or the Ex Post Facto Clause of the United States Constitution. State v. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus. Accordingly, Sedaker's first assignment of error is overruled.
 II.
In his second assignment of error, Sedaker argues that R.C. Chapter 2950 violates constitutional prohibitions against double jeopardy. This court has previously held that Ohio's sexual predator law does not violate double jeopardy. State v. Nuckols
(Aug. 26, 1998), Wayne App. No. 97CA0076, unreported, at 17. Sedaker's second assignment of error is overruled.
 III.
In his third assignment of error, Sedaker argues that R.C. Chapter 2950 is unconstitutionally vague. This court held to the contrary in State v. Jameson (Apr. 22, 1998), Lorain App. No. 97CA006704, unreported, at 11-12. Sedaker's third assignment of error is overruled.
Sedaker's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
FOR THE COURT
BAIRD, P. J.
SLABY, J.
CONCUR
(Reece, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)